## L. C. SCHWARTZ v. SIMON BRAHM.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued October 31, 1889—Decided November 11, 1889.

Where the driver of a wagon, following a street car on a dark night,
turned out to pass the car, and in so doing ran down and injured a per-
son crossing a street in front of the car, on a public crossing, and the
testimony as to the speed at which the wagon was driven was conflict-
ing, the question of the defendant's negligence was for the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 113 October Term 1889, Sup. Ct.; court below, No. 448
March Term 1886, C. P. No. 1.

On February 1, 1886, a summons in trespass was served in
an action brought by Ludewig C. Schwartz against Simon
Brahm. Issue.

At the trial on January 9, 1889, the plaintiff, examined
through an interpreter, testified that on a dark night in Jan-
uary, about 9 or 10 o'clock, he came along Middle street in Al-
legheny city, and when at the corner of North Avenue he saw
a street car coming very slowly up that avenue. Seeing no
other car, wagon, or vehicle, he crossed the street immediately
in front of the street car, but before he reached the curb stone
on the opposite side, he was struck by the wagon of the defend-
ant, driven by an employee, and seriously injured. The driver
of the street car testified that he was driving his mules up
North avenue at a walk; that the defendant's wagon was fol-
lowing in the rear of his car, and just before the accident the
driver of the wagon turned out to pass, and struck the plaint-
iff after he had passed across in front of the street car. There
was testimony that the wagon was driven out from the rear of
the car quite rapidly. The driver of the wagon testified that
he was driving at a walk, and that he did not see the plaintiff
until he came out from the front of the car.

The defendant requested the court to charge that under all

the evidence in the case their verdict should be for the defend
ant. This point was refused by the court,[1] STOWE, P. J., whc
submitted the questions involved to the jury. The jury re-
turned a verdict for the plaintiff for $1,200. A rule for a new
trial having been discharged, judgment was entered on the ver-
dict, when the defendant took this appeal, specifying as error
the refusal of the defendant's point.[1]

*Mr. Geo. B. Gordon* (with him *Mr. John Dalzell* and *Mr.
Wm. Scott*), for the appellant.

Counsel cited: Phila. & R. R. Co. v. Yerger, 73 Pa. 121;
Waters v. Wing, 59 Pa. 213; Goshorn v. Smith, 92 Pa. 438;
Baker v. Fehr, 97 Pa. 72; Schmidt v. McGill, 120 Pa. 405.

*Mr. John Marron* (with him *Mr. Thos. M. Marshall*), for the
appellee.

PER CURIAM:

The single assignment of error is, that the court should have
directed a verdict for the defendant. This the learned judge
could not have done, in view of the evidence. It is enough
to say that there was a conflict of testimony as to the speed at
which the wagon was driven. If the driver was driving rap-
idly, upon a dark night, when he reached a crossing where
foot-passengers were accustomed to cross and had a right to
cross, and by doing so the plaintiff was run over by the wagon
and injured, it was certainly a case for the jury. And there
was some evidence that he was driving at a greater rate of
speed than would be justifiable under the circumstances. He
was following a passenger car, which was going up the hill at a
walk; and there is no dispute but that he turned out to pass
it, and did pass it, and just as he had done so the plaintiff was
struck. If the driver's horse was walking, as contended for,
it is difficult to see how he could have passed the car in so
short a time.

Judgment affirmed.